## MOSELEY v. BRIGHAM.

Where the petition alleged an instrument for the payment of $212 50, admitting a
credit of $27 72, which was endorsed on the instrument, and the defendant
agreed that judgment (without specifying the amount) might go for the plaintiff,
with a stay of execution, and the instrument, in the margin, had the figures
$212 50, but in the body of it read " two and twelve 50-100 dollars," and the
Clerk entered up the judgment for " two twelve 50-100 dollars," principal, (over-
looking the credit,) and thirteen 86-100 dollars interest, making in all the sum
of " two twenty-five and 86-100 dollars," and the defendant obtained a writ of
error, after which the plaintiff had the mistake and the phraseology of the judg-
ment corrected in the Court below, and the record of such correction sent up to
this Court, it was held that the words " two and twelve 50-100 dollars," in the
connection and under the circumstances were properly construed to mean two
hundred and twelve 50-100 dollars, that the amendment had been properly al-
lowed, and that the judgment should be affirmed at the costs of the plaintiff in
error.

Error from Upshur. This suit was commenced by the de-
fendant in error, against the plaintiff in error and Eleazer
Shepperd. The petition alleges that the said defendants on
the 18th September, A. D., 1851, made and executed and de-

livered to one John Fisher, their promissory note, or written obligation, under their seal, using a scrawl for a seal, in which they or either of them promised to pay to said John Fisher or order the sum of two hundred and twelve dollars and fifty cents. It is further alleged that on the 26th day of March, 1852, petitioner became the legal holder and owner of the note aforesaid, upon which there was, on that day, a credit of twenty-seven dollars and seventy-two cents; and that by the order of said John Fisher, the said defendants or either of them, became liable and bound to pay petitioner the balance due upon said note, with interest. The citation was executed upon Moseley only, and a discontinuance entered as to Shepperd. The defendant came into Court, and agreed that judgment might be entered against him, with a stay of execution until March, 1853. This agreement for a judgment specified no amount, for which it was to be rendered. But judgment was rendered as follows: " And the plaintiff's cause of action " being liquidated, and secured by defendant's promissory " note for two twelve and 50-100 dollars due Dec. 25, A. D., " 1851, it is therefore ordered, adjudged and decreed by the " Court, that the plaintiff, Moses M. Brigham, have and re- " cover of the defendant, Moses Moseley, the sum of two twelve "and 50-100 dollars, his principal debt, and the further sum of " thirteen and 36-100 dollars interest, thereon accrued, mak- " ing in all the sum of two twenty-five and 86-100 dollars, to- " gether with the costs in this suit expended, for which exe- " cution may issue after the first day of March, A. D., 1853."

The defendant sued out a writ of error, and the plaintiff subsequently applied to the District Court to amend the judgment, and had it amended, and the amendment sent up to this Court. It is now contended by the plaintiff in error, that it was not amendable under our statute, providing for clerical errors, mistakes, &c. (Art. 786, Hart. Dig.)

The *fac simile* of the note filed, on which the suit was instituted, is presented, i. e.:

$212 50-100. On or before the 25th December next, we

or either of us promise to pay John Fisher or order two and twelve dollars and fifty cents for value received, this 18th September, 1851.

his

ELEAZER ⋈ SHEPPERD. [L. S.]

mark.

MASON MOSELEY.          [L. S.]

On which is the following endorsement, " Received on the " within, twenty-seven dollars and seventy-two cents, on the 26th of March, 1852.

*Everett & Galloway*, for plaintiff in error. In support of the first assignment of error, it is submitted that consent cannot give jurisdiction, especially as to the subject matter of the suit; and although this may be considered a judgment by confession, yet it is insisted that Moseley could not be considered as confessing the truth of the allegations in the petition, especially when Brigham relied upon the note as the evidence of his debt, and the note not proving the allegations of the same. And it is insisted that the confession of the judgment only extended to the amount of the note sued upon, and it being for less than one hundred dollars the Court had no jurisdiction, and the confession of Moseley could not give it any. The *allegata et probata* must meet and reciprocally conform to each other.

It is insisted that the Court could not amend the judgment by anything except the note, whereas it is amended by the petition.

LIPSCOMB, J. The law, under which the amendment was made, is expressed in the following words, i. e.: "When, in the "record of any judgment or decree of any District Court, there " shall be any mistake, miscalculation or misrecital of any " sum or sums of money, or of any name or names, and there " shall be among the records of the proceedings in the suit in " which such judgment or decree shall be rendered, any ver-

" dict or instrument of writing whereby such judgment or de.
" cree may be safely amended, it shall be the duty of the Court
" in which such judgment or decree shall be rendered, and the
" Judge thereof in vacation, to amend such judgment or de-
" cree, thereby, according to the truth and justice of the case ;
" provided that the opposite party, his agent or attorney of
" record, shall have reasonable notice of the application for
" such amendment, and if the transcript of such judgment or
" decree, at the time of the amendment, or at any time there-
" after, shall be removed to the Supreme Court, it shall be the
" duty of that Court, upon inspection of such amended record,
" to be brought before it by *certiorari* if need be, to affirm
" such judgment, if there be no other error apparent in such
" record." The mistake in the judgment, is in the phrase-
ology employed ; it uses the words, " two twenty-five and 86-
100 dollars," intended doubtless for two hundred and twenty-
five and 86-100 dollars ; but if taken literally and in the con-
nection used, it would amount to only twenty-seven and 86-100
dollars ; if, however, expressed in figures, it would be, as no
doubt it was intended, two hundred and twenty-five dollars
and 86 cents. The like awkward words are used to express
the amount of the principal of the debt, two twelve and 50-100
dollars, when it is evident that two hundred and twelve 50-100
dollars was intended, because that would be the amount after
deducting the credit indorsed on the note ; and the interest
expressed in the judgment, as having accrued, of thirteen dol-
lars and thirty cents, could not have accrued on any other
amount. The Clerk, in entering the judgment in this way,
seems to have followed the note as a precedent. The figures
on the top, left corner of the note, $212 50, indicate the in-
tended amount thereof, but in the body of the note it is writ-
ten two and twelve dollars and fifty cents. If it had been
intended for only fourteen dollars and fifty cents, why the
credit of twenty-seven dollars and seventy-two cents, which
would be almost double that amount ?

Was the judgment amendable under the statute cited ? We

believe that it was; more especially under the circumstances of this case.   The petition alleges the note to have been given for the sum of two hundred and twelve dollars and fifty cents; and it also alleges that a credit had been entered for twenty-seven dollars and seventy-two cents.   The defendant comes into Court and consents that judgment should be entered against him, with a stay of execution, when, if the note was for fourteen dollars and fifty cents, it was almost twice paid by the credit indorsed.   Suppose that a note had been made in this way, "I promise not to pay A. B. one hundred dollars for value received C. D.," and this note had been sued on as a promise to pay one hundred dollars, and the defendant had come into Court and agreed that judgment might be entered against him, on a stay of execution; could it be doubted that such consent would amount to the acknowledgement that the word not had been inserted by mistake?   There can be as little doubt, that the consent to the judgment in this case amounts to an admission that the word hundred had been accidentally omitted in the note.   We believe that by a reference to the figures, with the dollar mark on the note, the credit indorsed and the body of the note as written, afford matter to amend by, under the statute we have cited.   The judgment is therefore affirmed.

Judgment affirmed.